IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| VICKI LYNNE PEARCE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 15-CV-77-JED-FHM |
|  | ) |  |
| JUNE BROWN and ROGER ACERBO, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss (Doc. 10) filed by defendant June Brown. Brown seeks dismissal for failure to state a claim upon which relief can be granted.

**I.     Dismissal Standards**

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most

favorable to claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Pleadings of a pro se plaintiff must be liberally construed and "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate, and plaintiff must "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To this end, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II.     Analysis

### A.     Failure to State a Claim

Plaintiff's seeks an award of $500,000.00 from June Brown and $100,000.00 from Roger Acerbo for alleged conduct that does not plausibly constitute a constitutional violation or support any claim under 42 U.S.C. § 1983. The Complaint only very generally alleges violations of the Fifth Amendment due process clause and "violations of 14th Amendment Right Discrimination." (Doc. 1 at 1). In support of those claims, plaintiff alleges that there is an "eminent domain issue with no notice or compensation and no parity that other neighbors in the neighborhood experienced," and plaintiff has "been unjustly treated." (*Id.*). She further alleges that she was "lied to by Bruce Carter in February 2014,"[1] "denied compensation by June Brown," and that "Roger Acerbo denies involvement but is complicite [sic]." (*Id.* at 2). In her response to the dismissal motion, plaintiff added a few factual allegations, which amount to a complaint that her landlord informed her that her lease was not being renewed and she and her husband would have

---

[1]     Bruce Carter is not named as a defendant in this suit. (*See* Doc. 1).

to move within 30 days because the property had been purchased by the University of Tulsa. (Doc. 11 at 1).

The facts alleged do not state a plausible claim. To state a claim for violation of constitutional rights under § 1983, a plaintiff must provide factual allegations showing a plausible deprivation of a right secured by the Constitution or laws of the United States and must also show that such a deprivation was committed under color of state law. *See Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The plaintiff's allegations do not provide facts which, if true, would constitute a violation of the Constitution or laws of the United States.

Plaintiff has also not alleged that any violation was done under color of law. While plaintiff alleges that June Brown is a "Trustee Board Member [of the] University of Tulsa," plaintiff has not provided the court with any facts showing that Brown, who works for a private university, was acting under color of state law. (Doc. 1 at 1). Similarly, plaintiff's conclusory allegation that Roger Acerbo, who allegedly works for the City of Tulsa in land acquisition, was "complicit" does not demonstrate that the defendant subjected plaintiff to a deprivation of a constitutional right while acting under color of state law. (Doc. 1 at 1-2).

Plaintiff's allegation that her landlord, who is not a party to this suit, improperly refused to renew her rental agreement, does not establish a Fifth Amendment Claim. (Doc. 1, 1; Doc. 11 at 1). The Fifth Amendment provides that "[n]o person shall…be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V; *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("[T]he Fifth Amendment ... provides no protection against private actions by private individuals."). The nonrenewal of an apartment rental agreement, on its face, gives no factual basis for a due process claim.

Similarly, plaintiff has failed to allege facts showing a claim of the deprivation of equal protection, substantive due process, or procedural due process rights by a state actor, which is necessary to bring a claim under the Fourteenth Amendment. U.S. Const. Amend. XIV, § 1 ("No State shall...deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"). Plaintiff appears to allege an equal protection claim, but she has not provided any facts that plausibly state such a claim, she has not identified herself as a member of any protected class, and she has not identified any specific conduct by any state actor in violation of her Fourteenth Amendment rights.

B. **Insufficient Service of Process**

Brown also moves for dismissal for insufficient service of process. Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff serve defendants with a copy of the summons and complaint. Fed. R. Civ. P. 4(c)(1). An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Oklahoma law permits service by mail, which "shall be accomplished by mailing a copy of the summons and [pleading] by certified mail, return receipt requested and delivery restricted to the addressee." *Okla. Stat.* tit. 12, § 2004(C)(2)(b). The record indicates that the plaintiff failed to restrict delivery to the addressee defendants, and the return receipts were not signed by either of the defendants. (Doc. 6; Doc. 7). In so failing, plaintiff did not complete proper service of process upon the defendants, rendering dismissal appropriate under Fed. R. Civ. P. 12(b)(5).

### III. Conclusion

For the foregoing reasons, the motion to dismiss (Doc. 10) is **granted**, and the Complaint is **dismissed without prejudice**. If plaintiff wishes to amend to attempt to cure the deficiencies of the Complaint, she shall file such amendment within 14 days of the entry of this Opinion and Order and shall show that proper service has been made upon the defendants.

**IT IS SO ORDERED** this 2nd day of September, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE